UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
00-12431-RGS

ALEXANDER VOEHRINGER
            Plaintiff,

VS.

PALEX, INC. and
SEA WATCH INTERNATIONAL, LTD.
            Defendants,

**DOCKETED**

DEFENDANT, PALEX, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT, DEMAND FOR JURY TRIAL and
CROSS-CLAIM AGAINST SEA WATCH INTERNATIONAL, LTD.

Now comes the Defendant, Palex, Inc., in the above entitled action, by and through its undersigned counsel, and files its Answer to Plaintiff's Complaint as follows:

1.    Defendant, Palex, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies same.

2.    Defendant, Palex, Inc., admits the allegations contained in Paragraph 2.

3.    Defendant, Palex, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3

2

and therefore denies same.

## COUNT I
## ALEXANDER VOEHRINGER VS. PALEX, INC.

4.  Defendant, Palex, Inc., reaffirms and reiterates its answers to the allegations set forth in Paragraphs 1 through 3 inclusive and incorporates same by reference herein.

5.  Defendant, Palex, Inc., admits the allegations contained in Paragraph 5.

6.  Defendant, Palex, Inc., admits only that the plaintiff was a seaman on March 9, 2000 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies same.

7.  Defendant, Palex, Inc., denies the allegations contained in Paragraph 7.

8.  Defendant, Palex, Inc., denies the allegations contained in Paragraph 8.

9.  Defendant, Palex, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies same.

4

omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant, Palex, Inc. says that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant, Palex, Inc. says that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a seaman of the plaintiff's experience and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, Defendant, Palex, Inc. says that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the

5

defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**WHEREFORE**, Defendant, Palex, Inc. prays that the above **Complaint** be dismissed together with costs and reasonable attorney's fees.

## CROSS-CLAIM AGAINST CO-DEFENDANT
## SEA WATCH INTERNATIONAL, LTD.

Now come the Defendant, Palex, Inc., by its counsel and pleads its Cross-claim against Defendant, Sea Watch International, Ltd. as follows:

### PARTIES

1.   Defendant/Plaintiff in Cross-claim, Palex, Inc. (hereinafter referred to as "Palex"), is a corporation established pursuant to the laws of the State of New Jersey with a place of business in New Bedford, Massachusetts.  Palex was at all times herein the owner and operator of the F/V JOHN N.

2.   Upon information and belief, Defendant/Defendant in Cross-claim, Sea Watch International, Ltd. (hereinafter

6

referred to as "Sea Watch"), is a foreign corporation with a usual place of business at 15 Antonio Costa Blvd., New Bedford, Massachusetts.

## THE FACTS

3.    Palex and Sea Watch entered into an agreement whereby Sea Watch provided clam cages to Palex, Inc. for use aboard its vessel.  As part of this agreement, Palex agreed to sell its catch to Sea Watch.

4.    Pursuant to the agreement and when the F/V JOHN N docked, Sea Watch removed all of the clam cages onboard the vessel by shoreside crane and delivered the clam cages and its contents to its processing plant at the pier.

5.    After the clams were removed from the clam cages in the processing plant, Sea Watch loaded the clam cages back onto the F/V JOHN N by shoreside crane.

6.    Sea Watch, under the agreement with Palex, was at all times was responsible for the condition, maintenance and repair of the clam cages that it provided to the F/V JOHN N.

7.    Sea Watch, at all material times herein, owned and was solely responsible for and controlled the operations of the shoreside crane in removing and loading the clam

7

cages aboard the F/V JOHN N.

8.   Palex did not have any responsibility for or control over the removal or loading operations of the shoreside crane in respect to the clam cages which were provided to it for use aboard the F/V JOHN N.

9.   On or about March 9, 2000, while Alexander Voehringer a crewmember of the F/V JOHN N, was assisting in loading empty clam cages aboard the F/V JOHN N. He became injured when the spreader bar from the shoreside crane became disengaged from the J-hook and fell and struck him.

10.   As a result of this incident, and upon information and belief, Alexander Voehringer was injured and has remained unfit for duty, unable to return to work, and has incurred substantial costs for medical treatment and recuperation.

11.   Since March 9, 2000 to the present and continuing, Palex has paid Alexander Voehringer Maintenance and Cure under General Maritime Law.

### COUNT I - CONTRIBUTION AGAINST SEA WATCH INTERNATIONAL, LTD.

12.   Palex reiterates and realleges the allegations set forth in Paragraphs 1 through 11 inclusive and

8

incorporates same as if fully set out herein.

13.   If Palex is found to be liable in this action and if it pays more that its share of damages, including Maintenance and Cure then it is entitled to contribution from Sea Watch pursuant to the applicable statutes and laws.

**WHEREFORE,** the Defendant/Plaintiff in Cross-claim, Palex, Inc., demands that judgment enter on Count I of its Cross-claim against the Defendant/Defendant in Cross-claim, Sea Watch International Ltd., for contribution pursuant to the applicable statutes and laws together with costs and reasonable attorney's fees.

<u>**COUNT II   - INDEMNITY AGAINST**</u>
<u>**SEA WATCH INTERNATIONAL, LTD.**</u>

14.   Palex reiterates and realleges the allegations set forth in Paragraphs 1 through 13 inclusive and incorporates same as if fully set out herein.

15.   Palex is entitled to be indemnified in full by Sea Watch for all damages, including Maintenance and Cure, which it may be required to pay in this action and further should be indemnified for all its costs and expenses incurred during the pendency of this action.

9

**WHEREFORE,** the Defendant/Plaintiff in Cross-claim, Palex, Inc., demands that judgment enter on Count II of its Cross-claim against the Defendant/Defendant in Cross-claim, Sea Watch International, LTD. for indemnity together with costs and reasonable attorney's fees.

Defendant/Plaintiff in Cross-claim, Palex, Inc., claims **TRIAL BY JURY** on all issues raised in Plaintiff's Complaint, Defendant, Palex, Inc.'s Answer, Affirmative Defenses and Cross-claim contained herein with the exception of Limitation of Liability which is unique for the Court's determination.

Respectfully submitted

By its attorneys,

CLINTON & MUZYKA, P.C.

Thomas J. Muzyka
BBO NO. 365540
**Cristen Cozart Lebel**
BBO NO.
One Washington Mall
Suite 1400
Boston, MA   02108
(617) 723-9165

